1
2
3
4
5
6
7
8
9
10
11

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAMIRO NORIEGA, | ) | CV F 05-0543 AWI WMW HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| v. | ) | RESPONDENT'S MOTION TO |
| | ) | DISMISS PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| U. S. BUREAU OF PRISONS, | ) | |
| | ) | [Doc. 29] |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

     Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the court is Respondent's motion to dismiss.

## BACKGROUND

     On February 13, 2003, Petitioner was sentenced by the United States District Court, District of Maryland, for violating 21 U.S.C. § 841, § 846 (conspiracy to distribute and possess with intent to distribute 5 + kg of cocaine).  Petitioner is currently incarcerated at the Taft Correctional Institution, with a projected release date of January 12, 2014.

On April 7, 2006, Petitioner filed this petition for writ of habeas corpus, challenging the calculation of his prison term.

**LEGAL STANDARD**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Under 28 U.S.C. § 2241, a federal prisoner may challenge the manner of execution of his sentence, including parole determinations by the Commission.  See, e.g., Wallace v. Christensen, 802 F.2d 1539, 1551-52 (9th Cir. 1986) (*en banc*).  Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, because Petitioner is challenging the execution of his sentence at Taft Correctional Institution and Taft is within the Eastern District of California, Fresno Division, the Court has jurisdiction over this petition. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that Petitioner has failed to exhaust his administrative remedies as to his claim regarding the calculation of his sentence. Petitioner has not opposed or otherwise responded to the motion.

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. MacCarthy v.

2

Madigan, 503 U.S. 140, 144-145, 112 S.Ct. 1081, 1086-87 (1992); Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement.  Brown v. Rison, 895 F.2d 553, 535 (9th cir. 1990).  Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id.  If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the Petition to exhaust his administrative remedies before proceeding to court."  Id.

The Bureau of Prisons has established an administrative remedy procedure governing prisoner complaints. The procedure is set forth at 28 C.F.R. § 542.10 et. seq.

First, an inmate must attempt to resolve the issue informally by presenting it to staff before submitting a Request for Administrative Remedy.  28 C.F.R. § 542.13 (1999).  If dissatisfied with the response, the prisoner may proceed with the formal filing of an Administrative Remedy Request.  28 C.F.R. § 542.14 (1999).  Upon denial by the institution, the prisoner may appeal the decision by filing a complaint with the Regional Director of the Bureau of Prisons.  28 C.F.R. § 542.15 (1999).   The Regional Director's decision may be appealed to the General Counsel in Washington, D.C.  Id.   Appeal to the General Counsel is the final step in the administrative remedy process. Id.

Taft Correctional Institution has established a two-step institutional remedy process to comply with the Code of Federal Regulations.[1]  Step 1 relates to the informal resolution process set forth in § 542.10.  Step 2 corresponds to the initial formal filing of the administrative remedy set forth in § 542.14.  At the conclusion of this process, a prisoner may

[1]Exhibit 5 (Declaration of Thomas Byron, Paralegal Specialist for the Federal Bureau of Prisons), Respondent's Answer.

1    appeal the decision to the Regional Director, and then the General Counsel as set forth above.
2     Only after exhausting this process should a prisoner file a petition for writ of habeas corpus
3    in the United States District Court.

4          In support of its motion to dismiss, Respondent presents the declaration of Dale
5    Patrick, Administrative Remedy Coordinator at Taft.  In his declaration, Mr. Patrick states
6    that although Petitioner attempted informal resolution of his sentencing complaint, he failed
7    to file and appeal his complaint through any of the administrative review process described
8    above.

9          Respondent also states that in a good faith effort to fully resolve the matter,
10   Respondent investigated Petitioner's claim and recalculated his sentence to provide credit for
11   time served while in custody on state charges which were pending, and on which he was
12   subsequently sentenced, before he was sentenced on the present federal drug charges.
13   Respondent states that this recalculation has not resulted in additional time in prison, as
14   Petitioner's statutory release date, even with the recalculation, is January 2014.

15         In light of the foregoing, the court finds that Petitioner has failed to comply with the
16   requirement that he exhaust his administrative remedies before he seeks relief in this court
17   pursuant to 28 U.S.C. § 2241.  Accordingly, It is HEREBY RECOMMENDED as follows:

18   1)    that Respondent's motion to dismiss be GRANTED;
19   2)    that this petition for writ of habeas corpus be DISMISSED without prejudice for
20         failure to exhaust administrative remedies;
21   3)    that the Clerk of the Court be directed to enter judgment for Respondent and to close
22         this case.

23         These Findings and Recommendation are submitted to the assigned United States
24   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule
25   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of
26   California.  Within thirty (30) days after being served with a copy, any party may file written

27

28                                              4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    March 31, 2008             /s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE